IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**PHILLIP E. BARNETT**                                                                         **PLAINTIFF**

**VS.**                                                               **CIVIL ACTION NO. 2:06cv155-MTP**

**BILLY MCGEE, ET AL.**                                                                   **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the court *sua sponte* upon the plaintiff's failure to prosecute and to otherwise comply with certain orders of the court. The plaintiff filed this matter in June of 2006 pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis*. Having considered the documents made a part of the record in this case and the applicable law, the court finds that this action should be, and is hereby, DISMISSED WITHOUT PREJUDICE.[1]

Pursuant to Federal Rule of Civil Procedure 41(b),[2] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th

---

[1] The parties having consented to disposition by the Magistrate Judge [32], the court is authorized to enter final judgment pursuant to Fed. R. Civ. P. 73 and local rule 73.1.

[2] "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

Cir. 1978) (discussing trial court's rule 41(b) discretionary authority).  This case exemplifies the type of inaction that warrants rule 41(b) dismissal.

On May 22, 2007, this court received notice that a Notice of Service of Discovery and Interrogatories mailed to the plaintiff at his last known address by certified mail was returned as undeliverable and marked "Return to Sender" and "Unable to Forward" [40], indicating that the address provided by the plaintiff is now incorrect.  On June 18, 2007, an order was entered [44], giving the plaintiff until July 3, 2007, to show cause why the case should not be dismissed for his failure to comply with the court's orders and to keep the court informed of his address.  That deadline has passed, and the plaintiff has not responded to the order.  Additionally, since the entry of the order [44] on June 18, 2007, this court has received notice that additional pleadings mailed to the plaintiff at his last known address by certified mail were returned as undeliverable.  *See* Docket Entries [48] and [49].

With its clear record of delay, this case may properly be dismissed under rule 41(b).[3] *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with court order); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995).

The plaintiff has an obligation to inform the court of any address changes: "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes."  Uniform Local Rule 11.1;  *see also Wade v. Farmers Ins. Group,* No. 01-20805, 2002 WL 1868133, at *1 n.12 (5th Cir. June 26, 2002) (on appeal of

---

[3]The plaintiff has been warned on at least six occasions that failure to comply with the court's orders could result in a dismissal of this matter without further notice [3], [4], [12], [13], [21], and [25].

district court's denial of motion for reconsideration of dismissal for failure to prosecute, noting that "it is the responsibility of even incarcerated litigants to inform the court of a change of address"). This burden may not be shifted from the plaintiff as it is "neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." *Ainsworth v. Payne,* No. 1:05cv297LG-JMR, 2006 WL 2912571, at *1 (S.D. Miss. October 10, 2006) (quoting *Perkins v. King,* No. 84-3310, 759 F.2d 19 (Table), slip op. at 4 (5th Cir. March 19, 1985)).

The plaintiff was warned several times that his failure to advise the court of a change in his address could result in dismissal.[4] Not only has the plaintiff failed to timely inform the clerk of his change in address, he has not inquired as to the status of his case[5] or otherwise had any contact with the court since January 30, 2007. From this it appears that the plaintiff has lost interest in proceeding with this action and has abandoned it.

As the plaintiff has failed in his obligations to prosecute his case and to comply with the court's orders, this court finds that this matter be should be, and is hereby, DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) .

A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

---

[4] *See* Orders [3], [4], [12], [13], [21], and [25].

[5] *See Ainsworth*, 2006 WL 2912571, at *1 (quoting *Perkins v. King,* No. 84-3310, 759 F.2d 19 (Table), slip op. at 4 (5th Cir. March 19, 1985)) ("In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquires. Address changes normally would be reflected by those inquiries if made in writing.")

SO ORDERED AND ADJUDGED this the 10th day of July, 2007.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge